(Pleito No. 152.—Fallado el 12 de Octubre de 1901.)

## JUARBE contra RIVERA.

RECURSO contra sentencia dictada por la Corte de Distrito de Árecibo.

1.—INTERDICTO DE RECOBRAR LA POSESIÓN. El interdicto de recobrar, con arreglo al artículo 1,649 de la Ley de Enjuiciamiento Civil, es procedente, cuando el que se halla en la posesión, ó en la tenencia de una cosa, hubiere sido despojado de dicha posesión ó tenencia; compitiendo el interdicto no sólo al que tenga la verdadera posesión civil á título de dueño. sino también al que hallándose en la tenencia de la cosa, es decir, en la simple ocupación actual ó corporal de ella, con derecho ó sin él, hubiere sido despojado de su posesión, siempre que la restitución se pidiera antes de transcurrir el año en que prescribe la acción para pedirla.

2.—RECURSO DE CASACIÓN POR INFRACCIÓN DE LEY. En los recursos de casación por infracción de ley no pueden discutirse leyes ó doctrinas relativas á cuestiones que no fueran propuestas oportunamente en el pleito.

### SENTENCIA.

En la Ciudad de San Juan Bautista de Puerto Rico, á doce de Octubre de mil novecientos uno, en los autos sobre interdicto de recobrar la posesión de ocho cuerdas de terreno, seguidos en el Tribunal del Distrito de Arecibo por Don Juan Rivera y Olivero contra Don Federico Juarbe, ambos vecinos de aquella localidad, pendientes ante Nos á virtud del recurso de casación por infracción de ley interpuesto por el demandado, cuya representación ha llevado ante este Tribunal Supremo su Abogado defensor Don Rafael López

Landrón.—Resultando: Que en quince de Marzo del año
próximo pasado Don Juan Rivera Olivero, vecino de Are-
cibo, por conducto de su Abogado defensor Don Elpidio de
los Santos, entabló demanda de interdicto ante el Tribunal
del Distrito de dicha Villa, contra Don Federico Juarbe, de
la misma vecindad, para que se le restituyera en la posesión
de ocho cuerdas de terreno de que lo había despojado, ale-
gando como fundamentos de su demanda que desde el día
nueve de Noviembre del año mil ochocientos noventa y ocho
venía poseyendo, con intención de hacerlas suyas, mediante
la correspondiente autorización superior, ocho cuerdas de
terreno, situadas en el barrio de Hato-viejo, lugar de la
Montaña, sitio de los Cedros, lindando por el Saliente con
terrenos de Don Manuel Ruiz Zeda; por el Norte con Don
Eladio Cardona y Don Celestino Rivas; por el Sur con te-
rrenos baldíos, y por el Oeste con Don Alejo Martínez Cata-
lán y Don José María Nieves; que había sido perturbado y
despojado de la posesión de dichas cuerdas de terreno en el
mes de Octubre anterior, por Don Federico Juarbe, el que le
había prohibido practicar acto alguno de explotación en las
plantaciones de plátanos y frutos menores de que estaban
fincadas las ocho cuerdas de terreno, con el trabajo y pecu-
lio propio del demandante Rivera Olivero; que desde el
citado mes de Octubre se encontraba éste privado de ejerci-
tar actos de posesión en las citadas ocho cuerdas, y de pro-
piedad en las siembras por el demandante, por impedírselo
Don Federico Juarbe con amenazas de procedimientos cri-
minales y de hacerlo conducir preso á la población por una
pareja de la Policía Insular; y que por encargo del referido
Juarbe se encontraba al cargo y cuidado de las referidas
ocho cuerdas de terreno y sus siembras un tal Juan Feal,
según manifestación que le hiciera él propio Juarbe y le
confirmara después el mismo Feal; y ofreciendo informa-
ción testifical para comprobar los hechos referidos, concluyó
pidiendo se le reintegrase en la posesión de las referidas
ocho cuerdas de terreno de que había sido despojado por

Don Federico Juarbe, y se requiriera á éste y á su encargado Juan Feal, para que en lo sucesivo se abstuvieran de cometer tales actos ú otros que manifestaran el mismo propósito, con los apercibimientos correspondientes, y condenándose al despojante al pago de las costas, daños y perjuicios y devolución de los frutos percibidos. — Resultando: Que recibida la información propuesta y acreditados los hechos expuestos por las declaraciones de tres testigos contestes, se convocó á las partes al juicio verbal que previene el artículo 1,652 de la Ley de Enjuiciamiento Civil, en cuyo acto, al que asistieron ambas partes, alegó Don Federico Juarbe las excepciones de incompetencia de jurisdicción y falta de personalidad del demandado, y desestimada la primera, continuó el juicio sus trámites, recibiéndose las pruebas propuestas por ambas partes, y dictando sentencia el Tribunal en diez y ocho de Septiembre del año próximo pasado, por la que se declaró con lugar el interdicto, mandándose reponer al actor Don Juan Rivera Olivero en la posesión de las ocho cuerdas de terreno de que había sido despojado, sin perjuicio de tercero, y condenando al demandado Don Federico Juarbe al pago de las costas, daños y perjuicios y devolución de los frutos que hubiere percibido, reservándose á las partes el derecho que pudieran tener sobre la propiedad ó posesión definitiva de las tierras, el que podían utilizar en el juicio correspondiente. — Resultando: Que contra esta sentencia interpuso el demandado Don Federico Juarbe recurso de casación por quebrantamiento de forma y simultáneamente por infracción de ley, alegando como fundamentos de este último, los números 1º y 7º del artículo 1,690 de la Ley de Enjuiciamiento Civil, y citando como infringidos.—1º El artículo 1,649 de la misma Ley de Enjuiciamiento Civil, porque la parte dispositiva de la sentencia había recaído en contravención á aquel artículo de la ley procesal, que exige para que proceda el interdicto de recobrar, la indiscutible posesión, ó la tenencia de la cosa por parte del que lo promoviese, y que estaba probado en

autos que no había tenido nunca Juan Rivera Olivero y
sí Don Pedro Erdocia Navarro, á pesar de lo que se había
declarado con lugar el interdicto por aquél establecido.—
2º  Los artículos 430, 438 y 460 del Código Civil, porque el
fallo en cuestión contraría los mencionados preceptos, toda
vez que estando plenamente probados en autos por confesión
del demandante, que éste había penetrado en los terrenos
objeto del interdicto, en Noviembre de mil ochocientos
noventa y ocho, y que había sido perturbado y despojado de
dichas tierras en Octubre de mil ochocientos noventa y
nueve por el recurrente, y que desde esta última fecha
se veía privado de ellas, no cabía alegar por Rivera Olivero
la posesión ya civil, ya natural, en que pretendía basar el
interdicto, porque para que el demandante hubiese podido
adquirir la posesión, ó la tenencia, era preciso que la
hubiera perdido Erdocia, quien, según se había demostrado,
era el que la tenía y seguía teniéndola, y además que el
Rivera Olivero hubiese ocupado dichos terrenos durante un
año y un día por lo menos.—3º  El artículo 444 del Código
Civil, porque según tal precepto, no afectan ni aprovechan á la
posesión natural ni civil, ni pueden ser título para su adqui-
sición, los actos meramente tolerados y los ejecutados clandes-
tinamente, ó con violencia, pues únicamente surte efecto
la posesión pública, pacífica y no interrumpida, durante un
año y un día por lo menos, y que en el presente caso
se desprende tanto de la prueba de posiciones que absolvió
el demandante como por la demás obrante en autos, que
se le había prohibido á éste distintas veces la entrada en los
terrenos objeto del interdicto, los cuales pretendía seguir
gozando, y que por fin desalojó Rivera Olivero antes del año
y día de haber en ellos penetrado.—4º  El artículo 1,942 del
Código Civil, por los mismos motivos.—5º  Los artículos
1,945 y 1,948 del mismo Código, porque á mayor abunda-
miento, interrumpida como lo fué la ocupación de las tierras
por el demandante, tanto por la denuncia criminal que se
había establecido contra él, cuanto por el implícito reconoci-

miento que hiciera del derecho del dueño y poseedor Erdo-
cia, como se deducía de la prueba practicada, nunca había
llegado el demandante á obtener la posesión ó la tenencia de
la cosa, por no haberse cumplido los requisitos del lapso
de tiempo que el Código exigía para el objeto.—6.º El
artículo 430 del propio Código, por aplicación indebida,
puesto que, según quedaba demostrado, jamás había tenido
Rivera Olivero la posesión natural ni civil de los terrenos,
objeto del interdicto.—7.º El artículo 432 del mismo
cuerpo legal, también por aplicación indebida, por idénticos
motivos á los expresados.—8.º El artículo 446 del pro-
pio texto legal, porque no existiendo en el demandante
la posesión á que se refiere dicho artículo, mal puede
invocarse el cumplimiento del precepto que establece.—
9.º El artículo 1,649 de la Ley de Enjuiciamiento
Civil, por la misma razón de no tener Rivera Olivero
la posesión ó la tenencia de la cosa.—10.º El artículo
460 del Código Civil, por errónea aplicación, toda vez que,
sentándose como se sienta en el 8.º considerando de la
sentencia, que el Rivera Olivero ocupó las ocho cuerdas
de terreno objeto del interdicto desde el nueve de Noviembre
de mil ochocientos noventa y ocho hasta el mes de Octubre
de mil ochocientos noventa y nueve, ó sean once meses, á lo
más, mal podía haber perdido Erdocia la posesión y menos
haberla adquirido el demandante, puesto que, según dice el
expresado artículo, para que Erdocia hubiera podido perder
la posesión de la cosa, era preciso que Rivera Olivero
la hubiera tenido pública, pacífica y sin interrupción durante
un año y un día, por lo menos, el tiempo mismo que
necesitaba el demandante para poder adquirirla, lo que
no había sucedido, según quedaba demostrado.—11.º Los
artículos 564 y 565 de la Ley de Enjuiciamiento Civil, por
cuanto que, contra lo que dichos artículos establecen, se
habían admitido pruebas sobre hechos confesados llanamente
en la demanda por el colitigante, contraviniendo además al
tan conocido proverbio que dice: "á confesión de parte,

relevación de prueba," y lo que es más, se había dado
á la testifical contraria un valor de que carecía, haciéndose
caso omiso de la prueba plena que arroja la de confesión.—
12? y último.    Error en la apreciación de la prueba docu-
mental de posiciones y de testigos, que obran en autos.—
Resultando :    Que sustanciado y declarado sin lugar el
recurso por quebrantamiento de forma interpuesto por Don
Federico Juarbe, se ha tramitado el de infracción de ley,
celebrándose la vista del mismo con la asistencia del abogado
defensor de la parte recurrente, que sostuvo la procedencia
del recurso.—Visto :    Siendo Ponente el Presidente del
Tribunal Don José S. Quiñones.—Considerando :    Que con
arreglo al artículo 1,649 de la Ley de Enjuiciamiento Civil,
el interdicto de recobrar es procedente cuando el que se
halle en la posesión, ó en la tenencia de una cosa, hubiere
sido despojado de dicha posesión ó tenencia : de donde
se deduce claramente que el interdicto compete no sólo
al que tenga la verdadera posesión civil á título de dueño,
sino también al que hallándose en la tenencia de la cosa,
ó lo que es lo mismo, en la simple ocupación actual ó
corporal de ella, con derecho ó sin él, hubiere sido despojado
de su posesión, siempre que la restitución se pidiere antes de
que transcurra el año en que prescribe la acción para
pedirla, como lo exige el artículo 1,651 de la misma ley
procesal, en concordancia con lo que establece el artículo
460 del nuevo Código Civil.—Considerando, por tanto :
Que habiendo declarado la Sala sentenciadora, en uso de su
perfecta y exclusiva competencia, para apreciar el resultado
de las pruebas practicadas en el juicio, que el demandante
Don Juan Rivera Olivero se encontraba en la posesión
y tenencia de las ocho cuerdas de terreno, objeto del interdicto,
sembrándolas de plátanos y otros frutos menores, desde
el siete de Noviembre de mil ochocientos noventa y ocho,
hasta el mes de Octubre del año siguiente, en que Don
Federico Juarbe le prohibió la explotación de dichas planta-
ciones, despojándolo de la posesión, sin que hubiera transcu-

rrido un año de haberla perdido, y contra cuyas declaraciones no se ha demostrado que al hacerlas la Sala sentenciadora hubiere incurrido en error de hecho ó de derecho en la apreciación de las pruebas, como lo requiere el artículo 1,690 de la Ley de Enjuiciamiento Civil, en su apartado 7°, al declarar con lugar el interdicto y mandar restituir en la posesión de las ocho cuerdas de terreno al demandante Don Juan Rivera Olivero, con los demás pronunciamientos que la sentencia contiene, lejos de haber infringido el artículo 1,649 de la Ley de Enjuiciamiento Civil, que se cita en el 1° y 9° motivos del recurso, los ha aplicado rectamente.—Considerando: Que en los recursos de casación por infracción de ley no pueden discutirse leyes ó doctrinas relativas á cuestiones que no fueran propuestas oportunamente en el pleito, y que no habiéndolo sido en el acto del juicio verbal, única oportunidad en que el recurrente pudo hacerlo, las cuestiones que hoy se promueven en los motivos 2°, 3°, 4°, 5°, 6°, 7°, 8° y 10° del recurso, no procede discutirlas, aunque fueran pertinentes á la cuestión concreta que se debate en el interdicto.—Considerando: Que las infracciones que se alegan de los artículos 564 y 565 de la Ley de Enjuiciamiento Civil, aunque fueran ciertas, perteneciendo al orden puramente ritual del procedimiento, no pueden servir de fundamento para un recurso de casación en el fondo.—Fallamos: Que debemos declarar y declaramos no haber lugar al recurso de casación por infracción de ley interpuesto por Don Federico Juarbe, á quien condenamos en las costas; y con devolución de los autos, comuníquese esta resolución al Tribunal sentenciador, á los efectos consiguientes.—Así por esta nuestra sentencia, que se publicará en la *Gaceta Oficial,* lo pronunciamos, mandamos y firmamos.

José S. Quiñones.—José C. Hernández.—Louis Sulzbacher.

Publicación.—Leída y publicada fué la anterior sentencia

por el Sr. Presidente del Tribunal Don José S. Quiñones, celebrando audiencia pública dicho Tribunal en el día de hoy, de que como Secretario certifico, en Puerto Rico á doce de Octubre de mil novecientos uno.—E. de J. López Gaztambide, *Secretario.*